Kumar v. Garland

BIA
Brennan, IJ
A205 804 614

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

SUNIL KUMAR,
> *Petitioner*,

> v.                                                   **22-6499**
>                                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Lindsay Dunn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sunil Kumar, a native and citizen of India, seeks review of a September 27, 2022 decision of the BIA, affirming a July 2, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kumar*, No. A 205 804 614 (B.I.A. Sept. 27, 2022), *aff'g* No. A 205 804 614 (Immigr. Ct. N.Y.C. July 2, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness."[1] *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

---

[1] We review the agency's decisions as to credibility, but do not consider the IJ's denial of the asylum claim as time-barred because the BIA did not rely on that finding. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

2

2006). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. In this case, we find substantial evidence supports the agency's determination that Kumar was not credible as to

3

his claim that he was arrested and beaten for marrying a woman outside his caste.

As the agency found, Kumar's testimony deviated from the timeline in his written affidavit and was internally inconsistent. For instance, Kumar wrote that he met his wife in 2008, but testified during the removal hearing that they met in 2006 or 2007. He testified that he returned to India permanently from Saudi Arabia in 2010, but also that he did not travel to Saudi Arabia after his 2009 marriage; and when asked to explain, he said that he had misspoken and changed his testimony to conform with his written statement. Further, Kumar initially testified that he was arrested in India on June 6, 2011 (nearly a year after his affidavit said he left the country); he then testified that he was arrested on June 3 or 6, 2010, and that he had previously misspoken; and then testified that he was arrested on June 3, 2010. He also testified on direct examination that he left India for the United States in July or August 2011; but on cross-examination, he said he was mistaken and had left a year earlier, in August 2010. And he wrote that he was in Ecuador "for almost two months" en route to the United States, but testified first that he was there three or four months, then that he was there two or three months.

Kumar argues that these inconsistencies identified by the IJ were explained

4

and too trivial to support an adverse credibility determination. He contends that the time between the events in India and his 2019 hearing affected his ability to remember dates. However, he did not offer that explanation to the IJ, and it is not compelling, as he provided the dates in 2017 (seven years after he left India) when revising his affidavit. Moreover, the agency was not required to accept Kumar's explanations that he had trouble remembering dates, misspoke, or was mistaken. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)). The IJ "is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting to truthfully recount what he recalled of key events or struggling to remember the lines of a carefully crafted script; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Id.* at 81 n.1 (internal quotation marks omitted). Additionally, while "minor and isolated" date discrepancies "need not be fatal to credibility," here there were multiple discrepancies, and Kumar gave widely varying dates for events that were central to his claim (e.g., when he met his wife). *Diallo v. INS*, 232 F.3d 279, 288

(2d Cir. 2000). The agency may also consider the cumulative effect of even minor inconsistencies when evaluating an applicant's credibility. *See Xiu Xia Lin*, 534 F.3d at 167.

The absence of reliable corroboration bolsters the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Kumar submitted affidavits from a friend, his parents, and a village leader to corroborate that his wife's parents opposed their marriage, and that he was arrested and beaten. The agency did not err in giving the affidavits limited weight because the affiants were unavailable for cross-examination, and some were interested parties. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the applicant]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Moreover, instead of resolving the inconsistency regarding the date of Kumar's arrest, three of the letters alleged that he was arrested in January 2010—which is different from the three dates Kumar gave. The agency did not err in relying on inconsistencies between Kumar's statements and those of his witnesses, and the agency was not required to accept his explanations that his mother was uneducated and his friend was mistaken because multiple affiants made the same mistake. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 80. And while Kumar argues that the agency overlooked country conditions evidence, "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2009), and the record does not so suggest given that the country conditions evidence did not corroborate Kumar's specific allegations of abuse or his timeline of events, and Kumar has not argued that evidence independent of his credibility satisfied his burden of proof.

Taken together, the multiple inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him

7

credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief all relied on the same facts.[2] *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] Because the adverse credibility determination is dispositive, we need not reach the BIA's finding that Kumar waived withholding of removal and CAT relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").